FILED
CLERK, U.S. DISTRICT COURT
JUL 20 2010
DISTRICT OF OREGON
PENDLETON, OR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| GARY LYNN BONNER,<br>    Plaintiff | Civil No. 09-364-SU |
| v. | FINDINGS AND<br>RECOMMENDATION |
| UNION PACIFIC FLEXIBLE BENEFITS<br>PROGRAM, (the "Plan"); UNION PACIFIC<br>CORPORATION the Plan sponsor; All<br>Fiduciaries of the "Plan"; and the Administrator<br>of the "Plan",<br>    Defendants | |

SULLIVAN, Magistrate Judge

    Gary Lynn Bonner filed a Complaint, *pro se,* against Union Pacific Corporation, Union Pacific Flexible Benefits Program, the Plan Sponsor, all fiduciaries of the Plan and the administrator of the Plan. Plaintiff sought declaratory, injunctive and monetary relief under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* ("ERISA") and

Page 1 - FINDINGS AND RECOMMENDATION

state claims for violations of Oregon insurance statutes.

Defendants filed counterclaims for damages and injunctive relief against plaintiff based in part upon commencement of this litigation. Defendants asserted plaintiff sought to relitigate claims that had been resolved before this action was commenced and sought an order regarding vexatious litigation. Defendants moved for summary judgment on plaintiff's claims and defendants' counterclaims (Doc. # 32).

This court issued its Findings and Recommendation (Doc. # 54) recommending that defendants' motion for summary judgment motion against plaintiff's claims be granted and defendants' motion for summary judgment as to the counterclaims be denied. The court found plaintiff's conduct not sufficiently frivolous or harassing to require a vexatious litigation order.

The parties filed timely objections to the Findings and Recommendation. United States District Court Judge Garr M. King adopted the Findings and Recommendation (Doc. # 62), granting the motion for summary judgment against plaintiff's claims, and denying defendants' motion for summary judgment on its counterclaims for a vexatious litigation order and damages.

Defendants now file a motion to dismiss their counterclaims without prejudice. Plaintiff filed no response to the motion. For the reasons set out below, defendants' motion should be granted.

*Standard of Review*

A court may dismiss a counterclaim on the defendants' motion under Rule 41(a)(2) and (c), and, unless otherwise specified in the motion, dismissal is without prejudice.[1] The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court, and its order will not be reversed unless the court has abused its discretion. *Stevedoring Services of*

---

[1] Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissal of claims by court order. Unless an order states otherwise, a dismissal under this paragraph is without prejudice. Rule 41(c) applies to dismissal of any counterclaim, cross claim, or third-party claim.

Page 2 - FINDINGS AND RECOMMENDATION

*America v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989); *Purer & Co. v. Aktiebolaget Addo,* 410 F.2d 871, 879 (9th Cir. 1969), cert. denied, 396 U.S. 834 (1969). Rule 41(a) allows dismissal of all claims upon terms and conditions the court deems proper. *Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 687 (9th Cir. 2005).

*Discussion*

Defendants seek voluntary dismissal of their counterclaims without prejudice in order to preserve their right to reassert their claims against plaintiff should the need arise. The court should grant a motion for voluntary dismissal without prejudice unless plain legal prejudice would result to plaintiff. *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947); *Waller v. Financial Corp. of Am.,* 828 F.2d 579, 583 (9th Cir. 1987). The prospect of a second lawsuit is not sufficient to establish prejudice. *Hamilton v. Firestone Tire and Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir. 1982). Here, defendants have attempted to resolve the remaining claims with plaintiff. Decl. of Thomas M. Christina in Support of Mot. to Dismiss. Defendants provided an email communication between plaintiff and Mr. Christina. It is clear from plaintiff's communication, obtaining consent to the requested relief was futile. Granting defendants' motion to dismiss their counterclaims without prejudice will result in a final judgment and an end to the case. Defendants' motion to dismiss without prejudice is appropriate.

*Conclusion*

Based on the foregoing, defendants' motion to dismiss (Doc. # 63) should be GRANTED.

Page 3 - FINDINGS AND RECOMMENDATION

SCHEDULING ORDER

The Findings and Recommendation will be referred to a United States District Judge. Objections, if any, are due August 3, 2010. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of July, 2010.

                                                  Patricia Sullivan
                                                  United States Magistrate Judge